UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED
JUL 27 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

UNITED STATES OF AMERICA,

v.  Criminal Action No. 4:08cr147

PERCELL BURROWS,

Defendant.

## OPINION AND ORDER

On July 23, 2009, the court heard oral argument with respect to a motion to dismiss the indictment filed by the defendant on July 14, 2009. The defendant argues that the indictment is insufficient because it fails to sufficiently state acts, intents or specific conduct relating to the defendant. As the motion was untimely, the defendant also filed a motion for leave to file the motion to dismiss. For the reasons stated at the hearing and set forth below the court **GRANTS** the defendant's motion for leave to file only with respect to the motion to dismiss the indictment, and **DENIES** the defendant's motion to dismiss the indictment.

On January 11, 2009, a grand jury indicted Burrows, along with twenty other codefendants, for conspiracy to distribute and possess with intent to distribute cocaine, conspiracy to launder money, possession with intent to distribute cocaine, and use of communication facility. Burrows was only charged with Count One, which states:

> Between the dates of in or about 2003, and in or about 2008, in the Newport News Division of the Eastern District of Virginia and elsewhere, the defendants, Terrol Spruell, Francisco Ramos, Eloy Martinez, Sean Middleton, Sr., Percell Burrows, Ronald Stevens, Antwan Jordan, Marcus Chambliss, Eric Carr, William Santiago, Rodney Parham, Charles Mallory, Carlos Bailey, Eric Smith, Linda Butcher, Larry Whaley, Ranardo Miller, Darryl Studivant, Allen Jones, Robert Graves, and Thomas Epps did unlawfully, knowingly and intentionally conspire together with other persons known and unknown to the grand jury to commit the following offenses against the United States:

> 1. To knowingly, intentionally, and unlawfully possess with intent to distribute more than 5 kilograms of cocaine, a schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(iii).
>
> 2. To knowingly, intentionally, and unlawfully distribute more than 5 kilograms of cocaine, a schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(iii).

The defendant, through his former counsel, filed a motion for a bill of particulars, along with several other motions, on April 1, 2009. At the hearing on April 28, 2009, and in the Opinion and Order entered in April 29, 2009, the court denied the defendant's motion for a bill of particulars along with his other motions. On June 17, 2009, after receiving a letter from the defendant requesting new counsel, the court held a hearing and granted the defendant's request. On June 18, 2009, the defendant's current counsel was appointed to represent him. On July 14, 2009, the defendant, through his current counsel, filed a motion to dismiss the indictment, and the government filed its response on July 20, 2009.

In his motion and at the hearing on July 23, 2009, the defendant argued that the indictment is insufficient because the conspiracy charge fails to include any specific dates or any specific acts committed by the defendant as part of the conspiracy, and the defendant argues that he cannot fully defend himself against the charge. The defendant also argues that the indictment is insufficient because it is so vague that he would be unable to adequately protect himself from any potential, future double jeopardy violations. Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the

defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998). It is generally understood that an indictment that tracks the statutory language is sufficient, but "[t]he mere failure to track the precise language of a statute, without more" will not render an indictment insufficient. See Williams, 152 F.3d at 299. "Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." United States v. Smith, 441 F.3d 254, 261 (4th Cir. 2006) (quoting United States v. Kimberlin, 18 F.3d 1156, 1159 (4th Cir. 1994)). In Smith, the Fourth Circuit rejected the defendant's argument that the indictment charging him with possession with intent to distribute "in or about Winter, 2000" was constitutionally vague on the basis that "time is not an element of possession with intent to distribute." Id. at 260-61. To prove conspiracy to distribute and possess with intent to distribute cocaine, the government must prove: (1) an agreement to distribute cocaine or to possess cocaine with intent to distribute between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of the conspiracy. United States v. Wilson, 135 F.3d 291, 306 (4th Cir. 1998). Proof of an overt act in furtherance of the conspiracy is not an element of the conspiracy, and is not required to sustain a drug conspiracy conviction. United States v. Shabani, 513 U.S. 10, 17 (1990).

The defendant's indictment in this case provides a general time frame that the conspiracy lasted between 2003 and 2008, and indicates the twenty-one individuals listed in the indictment were all involved in the conspiracy. The defendant's indictment properly lists the elements of the conspiracy to distribute and possess with intent to distribute cocaine, and lists the quantity of

cocaine to be more than five kilograms. While the defendant is correct in that the indictment does not allege specific dates or overt acts, that alone does not render the indictment constitutionally insufficient. Since the indictment properly alleges the elements of the offense, provides the defendant with a general time period of the offense, indicates who the coconspirators are, and how much cocaine was involved, it appears that this indictment, while broad, is constitutionally sufficient. Additionally, the government correctly notes that it has the burden, in any future case, of establishing that the subsequent conspiracy is not related to this conspiracy, and the breadth of this indictment may work to the defendant's advantage. Additionally, a defendant may be involved in more than one conspiracy during the similar time periods, and when evaluating a possible double jeopardy violation, the court does not look solely to the indictments between the two cases, but examines the factual backgrounds supporting the indictments and conspiracy charges. Thus, while the court understands the defendant's double jeopardy concerns, the court does not find that the indictment is insufficient such that the defendant cannot defend himself should any future conspiracy charges be filed against him. Therefore the defendant's motion to dismiss is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to counsel for the defendant and the government.

**IT IS SO ORDERED.**

/s/

Jerome B. Friedman
United States District Judge

Norfolk, VA
July 27, 2009.